UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROLAND WILLIAMS,

        Petitioner,

   v.

JAMES A. YATES, Warden,

        Respondent.

No. C 08-4449 PJH (PR)

**ORDER OF TRANSFER**

This case was opened when petitioner filed a habeas petition on a preprinted form. His claims, however, are about the conditions of his confinement – medical care – rather than the fact of his confinement or the length of it. It may be, therefore, that his claims are not properly the proper subject of a habeas action. *See Moran v. Sondalle*, 218 F.3d 647, 650-52 (7th Cir. 2000); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

If the case is treated as a habeas case, his claims involve the execution of his sentence. Such claims are preferably heard in the district of confinement, Habeas L.R. 2254-3(a); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir. 1989), and petitioner is confined at a prison in the Eastern District of California. If it is treated as a civil rights case, the proper venue also would be the Eastern District, where the putative defendants would be found and where the claims arose. *See* 28 U.S.C. § 1391(b). The court therefore need not resolve the question whether this should be treated as a habeas case or a civil rights case, because either way the preferable venue is not this court, but rather the Eastern District.

**United States District Court**
For the Northern District of California

1   This case therefore is **TRANSFERRED** to the United States District Court for the
2   Eastern District of California.  *See* 28 U.S.C. § 1404(a)..
3   **IT IS SO ORDERED.**
4   Dated: October 31, 2008.

_____
PHYLLIS J. HAMILTON
United States District Judge

26   G:\PRO-SE\PJH\CR.08\WILLIAMS4449.trn.wpd

2